IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COREY W. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv246 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on filing no. 16, the Motion for Extension of Time and Motion for Appointment of Counsel filed by the plaintiff, Corey W. Wells. The plaintiff, now a state prisoner, filed his complaint in this action in May of 2004 against Douglas County, Nebraska, when the plaintiff was a pretrial detainee. Although the court granted the plaintiff's motion to proceed in forma pauperis ("IFP") in 2004, explained how to complete the forms for service of process and directed the plaintiff to return the forms for service of process to the court so that the U.S. Marshal could serve them on the plaintiff's behalf, the plaintiff did not return the forms to the court. Therefore, the court dismissed the case for failure to obtain timely service of process on any defendant. See Fed. R. Civ. P. 4(m).

  Two years later, the plaintiff moved to reopen the case. At that time, I realized that this case had been closed prematurely, as the plaintiff had been granted additional time to achieve service of process on the defendant. Therefore, in filing no. 15, my Memorandum and Order of October 30, 2006, I reopened this case, reinstated the case to the court's active docket, directed the Clerk of Court to send the plaintiff one summons form and a USM-285 form, instructed the plaintiff how the forms should be completed (including the address at which the defendant could be served), and gave the plaintiff a deadline of thirty (30) days to return the completed forms to the Clerk of Court. I also warned the plaintiff that "if the plaintiff fails to return the forms to the Clerk of Court as directed above, dismissal of this matter may occur without further notice."

  Before a litigant files a lawsuit, some idea of what the claim entails and why the defendant is being sued should precede the filing of the complaint. Then, when the court issues instructions regarding procedural matters such as returning forms for service of process, those instructions should be carefully followed. Congress enacted the Prison

1

Litigation Reform Act ("PLRA") because many prisoners were filing lawsuits as a form of recreation or entertainment regarding trivial matters or without any preparation or serious effort.[1] Litigation is, however, a serious matter, at least for the courts and for the defendants who are sued.

All that the court has ever asked of the plaintiff in this litigation is to return the forms for service of process in a timely manner. Without doing so, the plaintiff now requests "a couple of more months to research his case" and appointment of counsel. The motion is denied. This case will be dismissed, albeit "without prejudice" as there has been no adjudication of any kind on the merits. However, if the plaintiff files any more cases, he should do the research **first** and only thereafter, file a complaint.

THEREFORE, IT IS ORDERED:

1. That filing no. 16, the plaintiff's Motion for Extension of Time and Motion for Appointment of Counsel, is denied;

2. That the plaintiff's complaint and this action are dismissed, without prejudice, for failure to meet the most recent deadline regarding procedures for service of process; and

3. That judgment will be entered accordingly.

December 14, 2006.         BY THE COURT:

                           s/ *Richard G. Kopf*
                           United States District Judge

---

[1] As part of the PLRA, prisoners must now pay the entire filing fee for all of their cases and appeals, other than habeas corpus actions. If granted leave to proceed in forma pauperis, a prisoner's filing fee must still be paid in full but may be paid in installments.